# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STATE OF OKLAHOMA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. CIV-24-260-F |
| ) | |
| DONNELL THOMPSON, JR., ) | District Court for Stephens County, |
| ) | Case No. CM-2024-32 |
| Defendant. ) | |

## ORDER

Defendant Donell Thompson Jr., proceeding *pro se*, has filed a notice of removal, purporting to remove a criminal misdemeanor case against him, Case No. CM-2024-32, pending in the District Court for Stephens County, State of Oklahoma. Defendant is charged with outraging public decency in violation of 21 O.S. § 22 and malicious injury to property – under $1000 – in violation of 21 O.S. § 1760(A)(1). Doc. no. 1-1, ECF p. 2. Recently, on two different occasions, defendant has attempted to remove another criminal misdemeanor case to this court. The Honorable Joe Heaton and The Honorable Scott Palk summarily remanded the cases to the District Court for Stephens County. *See*, State of Oklahoma v. Thompson, Case No. CIV-23-1080-HE; State of Oklahoma v. Thompson, CIV-24-126-SLP.[1]

Section 1455 of Title 28 of the United States Code sets forth the procedure for removal of a criminal prosecution. It requires a defendant to file a notice of removal

---

[1] The Honorable Bernard Jones summarily remanded a criminal case to the District Court for Stephens County involving a different defendant. *See*, Order at doc. no. 3 in State of Oklahoma v. Brown, Fabian-Ceon Corp. Sole d/b/a Fabian Ceon Brown, Case No. CIV-23-1204-J.

"containing a short and plain statement of the grounds for removal[.]"  28 U.S.C. § 1455(a).  It also requires the district court to "examine the notice promptly."  28 U.S.C. § 1455(b)(4).  If "it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted," section 1455 requires the district court to "make an order for summary remand."  Id.

The court has reviewed defendant's notice of removal.  The court concludes that defendant has failed to state in the notice of removal a jurisdictional basis for the removal.

In the notice of removal, defendant asserts that this court may hear a "diversity case."  Doc. no. 1, ECF p. 1.  Diversity jurisdiction is available to resolve "civil actions" where the matter in controversy is between "citizens of different States."  28 U.S.C. § 1332(a)(1).  However, the case defendant has removed to this court is not a civil action.  As stated, it is a criminal action.  Further, under well-established law, a state, like the State of Oklahoma, is not a "citizen" for purposes of diversity jurisdiction.  Moor v. Alameda County, 411 U.S. 693, 717 (1973).

Although not asserted in the notice of removal, the court recognizes that a defendant in a state criminal case may remove the case to federal court if he satisfies the requirements of 28 U.S.C. §§ 1442, 1442a, or 1443.  Defendant, however, has failed to allege any facts to satisfy any of the statutory requirements.

Removal under § 1442 requires that the state criminal prosecution be "against or directed to" the "United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof[;]" a "property holder whose title is derived from any such officer[;]" any "officer of the courts of the United States" or any "officer of either House of Congress[.]"  28 U.S.C. § 1442.  Defendant does not allege that he is an officer of the United States or any agency thereof or that he was a person acting under such officer.  Nor does he allege that he is a property holder whose title is derived from any such officer,

2

that he is an officer of the courts of the United States or that he is an officer of either House of Congress.  Thus, § 1442 does not authorize the removal of this criminal case to this court.

Next, removal under § 1442a requires that the state criminal prosecution be "against a member of the armed forces of the United States on account of an act done under color of his office or status, or in respect to which he claims any right, title, or authority under a law of the United States respecting the armed forces thereof, or under the law of war."  28 U.S.C. § 1442a.  Defendant does not allege that he is a member of the armed forces or that he claims any right, title, or authority under a law of the United States respecting the armed forces thereof, or under the law of war.  Consequently, § 1442a does not authorize the removal of this criminal case to this court.

Lastly, removal under § 1443 requires that the state criminal prosecution be "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof" or "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1443(1) and § 1443(2).  Defendant does not allege any facts which would satisfy the requirements for removal under either § 1443(1) or § 1443(2).  *See*, Johnson v. Mississippi, 421 U.S. 213, 219 (1975); City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 824 and n. 22 (1966).  Therefore, § 1443 does not authorize the removal of this criminal case to this court.

Because defendant has failed to establish in the notice of removal a basis for this court to exercise jurisdiction over the state criminal prosecution against him, the court concludes that this criminal action must be remanded back to the District Court for Stephens County.

3

4

Accordingly, the above-entitled criminal action is **REMANDED** to the District Court for Stephens County, State of Oklahoma pursuant to 28 U.S.C. § 1455(b)(4) and 28 U.S.C. § 1447(c).

DATED this 27th day of March, 2024.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

24-0260p001.docx

4